Frederick Backer, J.
Plaintiff moves for summary judgment upon the first cause of action stated in her amended and supplemental complaint and for an assessment of damages under the second cause of action therein stated. The action is predicated upon allegations which seek recovery of arrears of alimony under a separation agreement between the parties (first cause) and counsel fees necessarily incurred in enforcing said agreement (second cause).
The factual and legal situation presented by this motion appears to be one of first instance. The parties, husband and wife, were married in 1940, and in 1954, having separated, they executed a separation agreement, which is the subject of this suit. It provided that the defendant would pay alimony in the sum of $60 weekly for the support and maintenance of the plaintiff. Thereafter, on July 28, 1954, a decree of divorce was entered in the Circuit Court of Alabama, which likewise provided for the aforesaid payments of $60 per week. Thereafter, for a period of five years, the agreement was performed by the defendant, when, in 1959, plaintiff was compelled to institute suit against the defendant in the Municipal Court of this city for some $250 arrears then due. In June of 1960 the plaintiff *951 ultimately obtained summary judgment against him in that court for the arrears due. Thereupon, the defendant instituted proceedings in the Alabama court to vacate the alimony provisions contained in the decree of that court. At the hearing, both parties appeared by counsel. The Alabama court inquired into the circumstances of the divorce decree entered by that court and, after inquiry, the court vacated the decree of that court, as a fraud on the Alabama court and declared it null and void. Thereafter, the defendant appealed to the Supreme Court of Alabama, which, on March 30, 1961, unanimously affirmed the decision of the Circuit Court which had vacated the divorce decree. The opinion in that case was published on the front page of the New York Law Journal of May 5, 1961 (col. 1).
It is plaintiff’s contention in the instant action that, by the decision of the Supreme Court of Alabama, the parties were relegated to their former status as husband and wife and that their rights are governed by the separation agreement of July 20, 1954.
Defendant urges the following defenses: (1) that the separation agreement merged in the Alabama divorce decree and cannot now be resurrected; (2) that the separation agreement was invalid in that it was executed pursuant to an agreement to obtain a divorce; (3) that the prior decision of a Municipal Court granting summary judgment in favor of the plaintiff is res judicata-, and (4) that the plaintiff is now estopped from urging the invalidity of the Alabama divorce decree.
Considering the first defense, of merger, I am not persuaded with defendant’s arguments thereon. Once the Alabama decree was vacated and annulled by the Supreme Court of Alabama on the holding £ z that the original decree was void for want of jurisdiction of the subject matter, the marital res,” and determined ‘ ‘ the original decree is not entitled to full faith and credit in this or any other state ’ ’, a new situation was thereby created. It is obvious that by the decision of the Alabama court, its decree of divorce no longer existed and, therefore, there was nothing in which the separation agreement could merge. I am persuaded that the effect of the vacatur of the Alabama decree (and it appears it was so done on the court’s own motion in view of the facts then presented) is as if no such decree ever existed. I cannot perceive how now there can be claimed a merger of a separation agreement into a void decree, especially when its invalidity has been established by the court which originally granted same and vacated the decree on its own review.
In Volume 50 of Corpus Juris Secundum, under Judgments, section 617, at page 38, it is stated: “A judgment does not *952 operate as an estoppel, does not merge the canse of action, and constitutes no bar to further litigation on the same cause of action, where the judgment is void.”
Considering now the defense that the separation agreement was invalid in that it was executed pursuant to an agreement to obtain a divorce, I find, after a reading of the agreement, that this argument is without merit. The agreement is unambiguous and in nowise can it be said that it is one to procure a divorce. On the contrary, the agreement provides a normal and customary method of disposing of matrimonial litigation. The provisions for alimony in the agreement here are not contingent upon any divorce but are payable absolute. Furthermore, the agreement permits either party to interpose a defense to any action for a divorce.
The defense that the prior decision of the Municipal Court granting summary judgment in favor of the plaintiff is res judicata is likewise without merit and untenable here. The defendant fails to take into consideration, in urging this defense, that after the judgment of the Municipal Court had been entered, the Circuit Court of Alabama vacated the Alabama divorce decree. It follows, therefore, that the facts as they now exist are not the same facts which were before the Municipal Court. That court had before it an Alabama divorce decree which appeared on its face to be valid and was presumably enforcible in the State of New York. Since then, however, the action of the Alabama Court, in vacating the decree, is, of course, just as binding on the courts of this State as the decree itself and thereby creates a new situation which was not before the Municipal Court. The defense of res judicata is, therefore, as stated, without merit.
Lastly, we consider defendant’s defense that plaintiff is estopped from urging the invalidity of the Alabama divorce decree. As pointed out hereinbefore, the Alabama decree was vacated and set aside by the Alabama court in a proceeding initiated by the defendant herein. After a review of the original proceeding, the court declared its judgment void and of no effect whatever. This resulted in placing the parties in the position they were before the decree had been entered. It appears to this court, therefore, that plaintiff is not now estopped, since there is no decree in existence. The cases urged by the defendant herein in support of his defense of estoppel are all cases where the decree was in full force and effect at the time one of the parties therein asserted its invalidity. If there is no outstanding decree of the State of Alabama between the parties to this action, there can be no estoppel asserted here.
*953 Accordingly, the defenses are without merit as a matter qf law and there appears to be no issue of fact raised by the answer or answering affidavits herein. The motion is accordingly granted awarding plaintiff judgment against the defendant in the sum of $3,841.93, with an additional sum of $1,020 consented to by the defendant if this motion be granted, all under the first cause of action herein. In respect to the second cause of action, the cause is placed upon the calendar at Trial Term for an assessment.